## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

NORTH AMERICAN BANCARD, LLC,

                    Plaintiff,

                                                   11-cv-12943-GER-MJH

v.                                          Honorable Gerald E. Rosen

                                                 Magistrate Michael J. Hluchaniuk

NORTH AMERICAN COATING
SOLUTIONS, INC.

                    Defendant.

_____/

## <u>ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT</u>

Before the Court is a motion for default judgment filed by Plaintiff North American Bancard, LLC ("Plaintiff"). Plaintiff's complaint alleges multiple counts stemming from the conduct of Defendant North American Coating Solutions, Inc. ("Defendant"). Plaintiff alleges that the graphic logo used by Defendant infringes the trademark Plaintiff has on its logo. Plaintiff further alleges that Defendant's use of the mark constitutes unfair competition and trademark dilution. Defendant did not respond when Plaintiff requested that it cease its use of the mark. Further, Defendant has failed to defend the instant suit altogether. Defendant's failure to respond resulted in the clerk's entry of default on August 25, 2011.

Entry of default judgment pursuant to Rule 55(b)(2) is appropriate here since Defendant has failed to appear, let alone respond. Plaintiff seeks an injunction against use of its mark, $14,140 in attorney fees, and $410.40 in costs. An injunction is plainly appropriate. The clerk's entry of default establishes Defendant's liability, and Plaintiff has satisfied the Court that its request meets the requirements for an injunction: (1) Plaintiff has suffered irreparable harm; (2) legal remedies would be inadequate; (3) the balance of hardships favors an equitable remedy;

and (4) the public interest would not be harmed by the issuance of an injunction. *See eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

Plaintiff also seeks attorney fees and costs pursuant to 15 U.S.C. § 1117(a), which "provides that courts may award reasonable attorney[] fees to the prevailing party in 'exceptional' cases." *Audi AG v. D'Amato*, 469 F.3d 534, 550 (6th Cir. 2006) (quoting 15 U.S.C. § 1117(a)). "[A] case is not exceptional unless the infringement was malicious, fraudulent, willful, or deliberate." *Eagles, Ltd. v. Am. Eagle Found.*, 356 F.3d 724, 728 (6th Cir. 2004) (quotation omitted). Plaintiff alleged Defendant's willful infringement in its complaint, and the entry of default results in the allegation being deemed admitted. *Brown v. Gojcaj Foods, Inc.*, 09-14537, 2011 WL 6370987, at *2 (E.D. Mich. Dec. 20, 2011). Further, since Plaintiff is clearly the prevailing party here, attorney fees are warranted.

However, the Court will reduce Plaintiff's fee from the requested amount of $14,140 because the amount is excessive in light of the proceedings this case entailed and the effort it required. The case involved only one motion, Plaintiff's unopposed motion for entry of default judgment. Two attorneys worked on this case, with one attorney in particular billing 40.25 hours, at a rate of $280 per hour, researching and drafting Plaintiff's default and default judgment filings. While this attorney's billing rate is not unreasonable in light of her experience, spending 40.25 hours researching and drafting a rudimentary, unopposed motion is excessive. As a result, the Court will halve the attorney fees available for preparing Plaintiff's request for entry of default and motion for default judgment. Accordingly, Plaintiff is entitled to $8,505 in attorney fees and $410.10 in costs. Therefore,

IT IS HEREBY ORDERED that Plaintiff be awarded $8,915.10 in attorney fees and costs against Defendant in this case pursuant to 15 U.S.C. § 1117(a).

IT IS FURTHER ORDERED that Defendant and its officers, directors, agents, servants, employees, attorneys, successors, heirs and assigns, related companies, and all those acting in concert with or on behalf of Defendant, are hereby permanently enjoined and restrained from using Plaintiff's mark, or any copy or colorable imitation of the mark shown in U.S. Registration No. 3,983,340, as well as any counterfeit reproduction of this mark or other mark confusingly similar thereto.  This includes but is not limited to any other mark using the words "North American" with a shooting star disposed over them, the "i" of "American" dotted with a star, and the tail of the shooting star extending from the "i" in "American" past the beginning of the word "North," pursuant to 15 U.S.C. § 1116(a).

IT IS FURTHER ORDERED that this Court will retain jurisdiction of this matter to effectuate the terms of this default judgment.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: February 22, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 22, 2012, by electronic mail and upon North American Coating Solutions, Inc., 15156 Ardley Hall Court, Utica, MI 48315 by ordinary mail.

s/Ruth A.Gunther
Case Manager
(313) 234-5137